Dear Marshal Hilton:
This office is in receipt of your request for an opinion of the Attorney General in regard to the duties of the Ruston City Marshal. Relative to your request you state as follows:
 If we interpret the law correctly, the minimal statutory responsibility of the City Marshal's Office to the City Court is to provide the services of a bailiff. As a bailiff, our responsibilities are limited to maintaining law and order, maintaining custody of prisoners while in the courtroom, keeping order, screening visitors and insuring proper demeanor of all persons while inside the court room.
You set forth these questions:
 1. What is the minimum requirement of a City Marshal during court sessions while inside the court room?
 2. Does the City Marshal have any statutory responsibility to aide the Court in processing people inside the court room such as calling the docket, filling out forms providing information for the court pertaining to a defendant's fine, sentence or charge?
 3. Is the City Marshal responsible by statute for the collection of fines and court charges and distribution of these funds to the different agencies as required by Louisiana Revised Statutes?
Under R.S. 13:1881 the general powers and duties of the marshal and deputy marshal are set forth. Therein Paragraph A provides as follows:
 The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution hereof and in making arrests and preserving the peace, he has the same powers and authority of a sheriff
In Atty. Gen Op. No. 81-66 this office recognized that the sheriff is the executive officer of the district court, and when the court has no crier and there is no deputy sheriff available for such duty, "the sheriff shall perform the duties of crier". The duties of the crier are to attend all sessions and under the direction of the judge shall open and dose court, maintain order and decorum and perform such other duties as are assigned to him by law, and the court. The crier, when requested to do so shall call all witnesses in the building whose testimony is desired by the court.
As stated by the statute, the marshal is "executive officer of the court", and "shall execute the orders and mandates of the court". It would follow that the city court marshal, as the executive officer of the court, would fulfill the same duties that the sheriff does as the executive officer of district courts. Therefore, when there is no crier, and no deputy marshal available, the minimum requirement of a City Marshal during court session would be to perform the duties as set forth above for a crier. However, this would only be if he was not assigned other duties by the court.
Inasmuch as the crier, when requested to do so, shall call all witnesses in the building whose testimony is desired by the court, and other duties assigned to him by the court, the response to your second question as to whether the Marshal is responsible to aide the court in processing people inside the court room such as calling the docket, and filling out forms providing information for the court pertaining to the defendant's fine, sentence or charge would be that the marshal would have that responsibility.
In Atty. Gen. Op. No. 96-135 this office observed that the statutory requirement for the marshal is to execute all the orders and mandates of the court, and stated, "The statute make no other requirements * * *." However, in regard to the responsibility for collecting all the fines, it was noted unless the court orders that the marshal is the only person authorized to collect the fines, there would be no problem using a deputy marshal for whose actions the marshal would be responsible.
In conclusion, the statutory duty of the marshal is to execute "the orders and mandates of the court".
We hope this sufficiently answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr